Ruffin, C. J.
The deed was not properly proved before the Clerk, and, not being duly proved accoi’ding to the directions of the Act, it was void, as against the husband’s creditors. Sanders v. Ferrill, 1 Ired. 97. Smith v. Garey, 2 Dev. & Bat. Eq. 42. But, admitting the property to have been in the defendant for the benefit of his creditors, it is not the necessary consequence, that his certificate of bankruptcy can be impeached and avoided, for the omission to insert that property in his inventory, or *131 otherwise disclose it to the Court sitting in bankruptcy. For such omission may have been innocent, as the defendant might not have been aware of the legal insufficiency of the probate, or, indeed, might not have known how, in point of fact, the deed was proved ; and the Act of Congress does not invalidate the discharge for every omission of property, but only “for some fraud or wilful concealment of property, contrary to the provisions of this Act.’.’ As the previous parís of the Act require the party to file with his petition, “ an accurate inventory of his property, rights, and credits, of every name, kind, and description, and the location and situation of each and every parcel and portion thereof,” it could hardly be expected, that any discharge would stand, if the mere failure to give in some one article of property, however inconsiderable, and though unknown to the bankrupt, would invalidate it; for no person, or very few indeed can furnish such inventory, including by accurate description every parcel or portion of his property or rights. Therefore, although it is made his duty to give such an inventory upon his oath, and he ought to come as nigh the exact truth as he can, yet a mistake or omission in making the inventory is not to affect the certificate, but only a fraudulent and wilful concealment. The certificate is avoided by the Act, as a punishment for the dishonesty of the applicant, and that is solely the policy of the provision. For the insertion or the omission of property in the inventory is of no consequence to the rights of the assignee or creditors, except as it may promote the convenience or inconvenience of getting it in, and disposing of it; since the bankrupt Act, unlike our insolvent Act, vests in the assignee all the property, and rights of property, of every name, and nature, and whether real, personal, or mixed,” and not merely that which is inserted in the schedule. It is plain, therefore, that the terms “wilful concealment,” mean, in this act, a fraudulent and dishonest attempt to withdraw irom the use of his creditors property, which the bank *132 rupt knew they were entitled to have, and that, to that end, he corruptly and knowingly omitted to disclose it. The replication, in this case, puts the point on the quo animo, and does so correctly; and, therefore it was incumbent on the plaintiff to establish the bad purpose imputed to the defendant. That is properly an enquiry for a jury ; and it is not perceived how the Court could give a judgment for the plaintiff upon a case agreed, in which the wilful concealment was not stated in terms, or did not necessarily result from other facts stated. Prima facie, there is a presumption in favour of innocence. But in the present case the fraud of the defendant is not directly admitted, nor can it be reasonably inferred; but on the contrary, the honesty of his error and omission is hardly to be questioned. It was not his part to have the custody of the deed, nor to have it proved, nor to take any control over the property ; nor does it appear, that he had any reason to believe that the deed was not properly proved, and registered, or that he ever set up any claim to any part of the property. Although, then, the property itself may be subject to the claim of his creditors through the assignee, yet the defendant himself and his subsequent acquisitions are protected from prior debts.
Per Curiam, Judgment affirmed.